CHEHARDY, Judge,
concurring.
I concur. There is no basis for disturbing the trial judge's conclusion “* * * that the trust fund — lock, stock and barrel — was for Caroline.” However, I would find that Caroline is the legally adopted daughter of decedent. As observed by counsel for ap-pellee: “* * * during the time when Sister Caroline would have been adopted, it was not legally required that a court proceeding be brought or that the Act of Adoption be recorded in the public records of the parish.”
The record, in my opinion, establishes beyond a doubt that Caroline was loved and cherished by Ora Logan Shaffer as much as if she would have been born a natural child. Were technicalities to prevent the conclusion that Caroline was legally adopted, which, in my opinion, is not the case, then certainly equity would demand our recognition that this woman had been “equitably adopted.” Article 21 of the Louisiana Civil Code provides:
“In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent.”
Although Mrs. Shaffer and Sister Caroline are now both deceased, fairness and equity demand that we do not dishonor their lifetime of parent-child relationship any more in death than we would were they alive.